FRED ALVAREZ (State Bar No. 68115)
DANIEL M. BRUGGEBREW (State Bar No. 307037)
OLIVER W. HAMILTON (State Bar No. 340054)
COBLENTZ PATCH DUFFY & BASS LLP
One Montgomery Street, Suite 3000
San Francisco, California 94104-5500
Telephone: 415.391.4800
Facsimile: 415.989.1663
Email:    ef-fwa@cpdb.com
          ef-dmb@cpdb.com
          ef-owh@cpdb.com

Attorneys for Defendant
BOHEMIAN CLUB

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RON ROUSSELL, as an individual and on behalf of all other similarly situated Class Members,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BOHEMIAN CLUB, a California Nonprofit Corporation; and DOES 1-100, inclusive,<br><br>　　　　Defendant. | Case No.<br><br>**DEFENDANT BOHEMIAN CLUB'S NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1331, 1441(C), AND 1446**, *et seq*.<br><br>[*Filed concurrently with Civil Cover Sheet and Request for Judicial Notice*] |

009468.0006 4895-1401-5434.9                          1                                    Case No.
**DEFENDANT BOHEMIAN CLUB'S NOTICE OF REMOVAL**

**TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant BOHEMIAN CLUB files this Notice of Removal to the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 1331, 1441(c), and 1446, *et seq*. In support of this Notice of Removal, Defendant states the following:

## I.    PROCEDURAL BACKGROUND, VENUE AND TIMELINESS OF REMOVAL

1. On or about May 9, 2024, Plaintiff RON ROUSSELL ("Plaintiff"), filed a Class Action Complaint in the California Superior Court for the County of San Francisco, Case No. CGC-24-614539 ("Complaint"). A true and correct copy of Plaintiff's Complaint is attached hereto as **Exhibit A** ("Compl.").

2. The Complaint alleges eight causes of action: (1) Recovery of Unpaid Minimum Wages and Liquidated Damages; (2) Recovery of Unpaid Overtime Wages; (3) Failure to Provide Meal Periods or Compensation in Lieu Thereof; (4) Failure to Provide Rest Periods or Compensation in Lieu Thereof; (5) Failure to Furnish Accurate Itemized Wage Statements; (6) Failure to Timely Pay All Wages Due Upon Separation of Employment; (7) Failure to Reimburse Business Expenses; and (8) Unfair Competition pursuant to California Business and Professions Code § 17200, *et. seq*. *See* Compl. ¶¶ 86-145.

3. Plaintiff alleges this suit against Defendant Bohemian Club ("Bohemian") and Does 1-100, none of whom have been identified or served.

### A.    Venue

4. The state court action is being removed from the California Superior Court for the County of San Francisco. Venue therefore properly lies in the Northern District of California because this Court's territorial jurisdiction includes San Francisco County, California, where the Complaint was filed. *See* 28 U.S.C. §§ 1441(a), 1446(a).

### B.    Timeliness of Removal

5. On May 21, 2024, Plaintiff filed a proof of service indicating substituted service of, *inter alia*, the summons and Complaint on May 20, 2024, followed by mailing a copy of such

documents on the same day. A true and correct copy of Plaintiff's proof of service is attached hereto as **Exhibit B**.

6. Under California Code of Civil Procedure § 415.20, subdivision (a), service was deemed complete on May 30, 2024. The thirty-day time limit under 28 U.S.C. § 1446 begins on the day service is deemed complete. *See Shin v. Washington Mut. Bank, F.A.*, No. 18-cv-02143-YGR, 2018 WL 3392138, at *3 (N.D. Cal. July 12, 2018).

7. The thirty-day deadline to file this Notice of Removal fell on a Saturday, so under Federal Rule of Civil Procedure 6(a)(1)(C) the period continued to the following Monday: July 1, 2024.

8. Therefore, this Notice of Removal is timely filed.

9. True and correct copies of all remaining process, pleadings, and orders are attached hereto as **Exhibits C-F**.

## II. BASIS FOR REMOVAL: FEDERAL QUESTION JURISDICTION

10. The Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1331. Removal is proper under 28 U.S.C. §§ 1441 and 1446 because it is an action based on a claim or right arising under the laws of the United States of America and directly implicates questions of federal law under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185 ("LMRA").

### A. The Court Has Federal Question Jurisdiction

11. Section 301 of the LMRA provides that "[s]uits for violation of contracts between an employer and a labor organization representing employees . . . may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties." 29 U.S.C. § 185(a).

12. The U.S. Supreme Court "has long interpreted the LMRA as authorizing federal courts to create a uniform body of federal common law to adjudicate disputes that arise out of labor contracts." *Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1151 (9th Cir. 2019). Consequently, "any suit 'alleging a violation of a provision of a labor contract must be brought under § 301 and

be resolved by reference to federal law.'" *Id.* at 1151–52 (quoting *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 210 (1985)).

13.  "A state rule that purports to define the meaning or scope of a term in a contract suit therefore is pre-empted by federal labor law." *Allis-Chalmers*, 471 U.S. at 210. Pursuant to this "'extraordinary pre-emptive power'" even a complaint alleging only state law causes of action, as in this case, may be converted to one stating a federal claim under the well-pleaded complaint rule. *Curtis*, 913 F.3d at 1152 (quoting *Metro. Life Ins. v. Taylor*, 481 U.S. 58, 65 (1987)). Furthermore, a plaintiff's failure to allege the presence of a collective bargaining agreement ("CBA") "is not dispositive" as the court may investigate and find preemption if the complaint actually arises under § 301. *Stallcop v. Kaiser Found. Hosps.*, 820 F.2d 1044, 1048 (9th Cir. 1987).

14.  The Ninth Circuit employs a two-step test to determine § 301 preemption. *Curtis*, 913 F.3d at 1152. First, courts consider "whether the asserted cause of action involves a 'right [that] exists solely as a result of the CBA.'" *Id.* (quoting *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1032 (9th Cir. 2016) (alterations in original)). If the claim purely seeks to vindicate a right or duty created by the CBA, then the claim is preempted and the analysis ends there. *See id.* at 1152–53. If the right does not exist solely as a result of the CBA, courts turn to the second step which considers "'whether a plaintiff's state law right is substantially dependent on analysis of [the CBA],' which turns on whether the claim cannot be resolved by simply 'look[ing] to' versus 'interpreting' the CBA." *Id.* at 1153 (quoting *Kobold*, 832 F.3d at 1033) (alterations in original).

15.  California Labor Code § 510 "establishes a default definition of overtime applicable to non-unionized employees." *Id.* at 1154. However, employees covered by a CBA are exempted from statutorily-imposed overtime mandates under California Labor Code § 514, which provides:

> Section[] 510 . . . do[es] not apply to an employee covered by a valid collective bargaining agreement if the agreement expressly provides for the wages, hours of work, and working conditions of the employees, and if the agreement provides premium wage rates for all overtime hours worked and a regular hourly rate of pay for those employees of not less than 30 percent more than the state minimum wage.

16. The Ninth Circuit summarized the relevant preemption analysis as such: "[i]f [Plaintiff's] CBA[] . . . meet[s] the requirements of section 514, [Plaintiff's] right to overtime 'exists solely as a result of the CBA,' and is preempted under § 301." *Curtis*, 913 F.3d at 1154 (quoting *Kobold*, 832 F.3d at 1032).

B. **The Proposed Class Members Are Subject To The CBA**

17. Plaintiff asserts claims on behalf of "[a]ll current and former non-exempt employees that worked either directly or via a staffing agency for any one or more of the DEFENDANTS at any location in California." Compl. ¶ 15.

18. The scope of Plaintiff's claims encompasses "any time within the four years prior to the filing of the initial Complaint." *Id.* Therefore, Plaintiff's proposed "Class Period" runs from approximately May 9, 2020, to the present.

19. During part of the Class Period, employees were subject to a CBA between Bohemian Club and Unite Here, Local 2 Union ("Bohemian CBA"). *See* Request for Judicial Notice in Support of Notice of Removal ("RJN"), Ex. 1. The Bohemian CBA is effective from November 1, 2023 to June 30, 2027.

20. The Bohemian CBA states "[t]he Union shall be recognized as the sole collective bargaining representative for all of the employees employed by the Club coming under the jurisdiction of the Union ('Employees')." *Id.* at 1. It continues that the Bohemian CBA "shall apply only to those classifications of Employees as defined and set forth in the Wage Table[.]" *Id.* The Wage Table includes numerous employee classifications, including four cook positions ("Lead Line," "Station," and "[All Other Cooks])." *See id.* at 29.

21. In terms of union membership requirements, the Bohemian CBA mandates that "[a]ny person hired by the [Bohemian] Club who is not a member of the Union shall, within thirty (30) days after such hiring, make application for membership in the Union." *Id.* at 2.

22. The CBA continues that when a hired employee "makes application to join the Union, the Union agrees to accept such application[.]" *Id.* Any person employed by the Bohemian Club, whether current Union members or "persons employed by the [Bohemian] Club

who shall become members of the Union after the date of this Agreement shall be required as a condition of employment to retain their Union membership[.]" *Id.* at 1.

23. Plaintiff alleges he was a "cook . . . from in or around January 2023 through on or around December 1, 2023." Compl. ¶ 17.

24. Because Plaintiff was employed by Bohemian for nearly one year, it is reasonable to conclude that he was a member of the Union, along with a substantial portion of other proposed class members. *See Gunther v. North Coast Coop., Inc.*, No. 20-cv-02325-RMI, 2020 WL 3394547, at *3 (N.D. Cal. June 19, 2020) (holding defendant met its burden of proof to establish plaintiff was "covered by the CBA by virtue of working for [d]efendant for more than 30 days, being a member of the Union was a condition of his employment, and [d]efendant employed him for nearly two years").

25. Moreover, even if Plaintiff was not a union member, he, along with many putative class members, would still be subject to the coverage of the CBA by virtue of their employee classification. *See Trustees of S. Cal. IBEW-NECA Pension Tr. Fund v. Flores*, 519 F.3d 1045, 1047 (9th Cir. 2008) ("When a collective bargaining agreement defines covered employees by job classification, it generally covers all employees within those classifications, regardless of union membership." (citation and internal quotations omitted)).

26. Accordingly, because Plaintiff and putative class member are subject to the Bohemian CBA, their claims are preempted as long as the § 514 requirements are met. *Curtis*, 913 F.3d at 1155.

C. **The CBA Meets The Requirements Of § 514**

27. Plaintiff asserts that Defendants are liable for minimum and overtime wage violations pursuant to California Labor Code §§ 510 and 1194 . Compl. ¶¶ 36, 98. However, these provisions are displaced, and ultimately, preempted because the Bohemian CBA meets all the requirements of § 514. As noted above (*see supra* ¶ 15), § 514 requires a qualifying CBA to: (1) "expressly provide[] for the wages, hours of work, and working conditions of the employees"; (2) "provide[] premium wage rates for all overtime hours worked"; and (3) provide "a regular

hourly rate of pay for those employees of not less than 30 percent more than the state minimum wage." *See* Cal. Labor Code § 514.

28. First, the Bohemian CBA contains numerous provisions governing wages, hours of work, and working conditions of employees. *See e.g.*, RJN, Ex. 1 at 4-5 (specifying number of hours constituting workday and workweek), 7-10 (outlining disciplinary process and grievance procedures), 14-15 (specifying wage scale, wage payments, reporting pay and overtime pay). These provisions, amongst many others, are sufficient to satisfy the first requirement of § 514. *See Castaneda v. Ardagh Glass Inc.*, No. 23-cv-03547-HSG, 2024 WL 589088, at *4 (N.D. Cal. Feb. 13, 2024).

29. Second, the Bohemian CBA provides for premium rates for overtime work. *See* RJN, Ex. 1 at 15 (stating premium rates will apply to overtime work, including that employees "shall be compensated at the rate of one and one-half (1.5) times the Employee's regular rate of pay" for "[a]ll work performed in excess of eight (8) hours in a workday or forty (40) hours in a workweek . . .").

30. Third, the Bohemian CBA provides a regular hourly rate of at least 130% of the state minimum wage. California Labor Code § 1182.12 sets forth the state minimum wage and scheduled increases. During the relevant period, California minimum wage was $15 per hour. Cal. Labor Code § 1182.12.[1] According to the Bohemian CBA "Wage Table" no position was paid less than $22.65 per hour. *See* RJN, Ex. 1 at 29.

31. Taken together, the Bohemian CBA meets all the requirements under § 514, so Plaintiff's claim for overtime pay is controlled by the CBA. *Curtis*, 913 F.3d at 1155. Because Plaintiff's right to overtime "'exists solely as a result of the CBA'", his claims that Defendants violated §§ 510, 1194 and 1198 are preempted under § 301. *Id.* (quoting *Kobold*, 832 F.3d at 1032); *see also Jimenez v. Young's Mkt. Co., LLC*, No. 21-cv-02410-EMC, 2021 WL 5999082, at *10 (N.D. Cal. Dec. 20, 2021) (collecting cases finding preemption of overtime claims under the

---

[1] Bohemian's wages under the Bohemian CBA also exceed California's recently enacted minimum wage of $16.00/hour.

1 LMRA because § 514 also applies to claims based on §§ 1194 and 1198). Thus, the Court need not progress to the second step of the § 301 preemption analysis. *Curtis*, 913 F.3d at 1155.

### D. The Court Has Supplemental Jurisdiction Over Plaintiff's Remaining Claims

32. To the extent there are remaining claims that do not arise under § 301 or are not completely preempted by § 301, the Court has supplemental jurisdiction over them per 28 U.S.C. § 1367. The statute provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ." 28 U.S.C. § 1367(a). Put differently, "[n]onfederal claims are part of the same 'case' as federal claims when they derive from a common nucleus of operative fact and are such that a plaintiff would ordinarily be expected to try them in one judicial proceeding." *Kuba v. 1-A Agr. Ass'n*, 387 F.3d 850, 855 (9th Cir. 2004) (citations omitted). Section 1367 "applies with equal force to cases removed to federal court as to cases initially filed there[.]" *City of Chicago v. International Coll. of Surgeons*, 522 U.S. 156, 165 (1997).

33. Here, Plaintiff's remaining claims under California law all arise from the same working conditions and relationship with Bohemian during the same period as Plaintiff's overtime claim. *See* Compl. ¶¶ 100-136 (failure to provide meal periods, rest periods, furnish accurate itemized wage statements, timely pay all wages, and reimburse business expenses). Moreover, Plaintiff's eighth cause of action under California Business and Professions Code § 1700, *et seq.*, is derivative and dependent on Plaintiff's claims for violations under the California Labor Codes. *See id.* ¶ 145. Therefore, it too shares in the common nucleus of operative fact. In sum, the Court has jurisdiction over all claims in the Complaint.

## III. COMPLIANCE WITH 28 U.S.C. § 1446

34. Pursuant to 28 U.S.C. §1446(a), copies of all process, pleadings, and orders served on Defendant are filed with this Notice of Removal.

35. Defendant will promptly file a copy of this Notice of Removal with the California Superior Court for the County of San Francisco in the state court action pursuant to 28 U.S.C. §1446(d).

36. Defendant will give prompt notice of the filing of this Notice of Removal to Plaintiff and to the Clerk of the Superior Court of the State of California in the County of San Francisco. The Notice of Removal is concurrently being served on all parties.

DATED: July 1, 2024                COBLENTZ PATCH DUFFY & BASS LLP

By:    */s/ Daniel Bruggebrew*
DANIEL M. BRUGGEBREW
Attorneys for Defendant
BOHEMIAN CLUB